Approved: /s/ Jacob H. Gutwillig
　　　　　　JACOB H. GUTWILLIG
　　　　　　Assistant United States Attorney

Before:　　HONORABLE SARAH L. CAVE
　　　　　　United States Magistrate Judge
　　　　　　Southern District of New York

------------------------------------x
                                    :  **20 MAG 10981**
UNITED STATES OF AMERICA            :  COMPLAINT
                                    :
          - v. -                    :  Violation of 21 U.S.C.
                                    :  § 846
CHONG WOO KIM,                      :
CUODENGZHU PENG, and                :  COUNTY OF OFFENSE:
LUODA ZHOGHA,                       :  NEW YORK
                                    :
               Defendants.          :
                                    :
------------------------------------x


STATE OF NEW YORK            ) ss:
SOUTHERN DISTRICT OF NEW YORK )


　　　　MASON WILHITE, being duly sworn, deposes and says that he is a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), and charges as follows:

COUNT ONE
(Narcotics Conspiracy)

　　　1.　　On or about October 13, 2020, in the Southern District of New York and elsewhere, CHONG WOO KIM, CUODENGZHU PENG, and LUODA ZHOGHA, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

　　　2.　　It was a part and an object of the conspiracy that CHONG WOO KIM, CUODENGZHU PENG, and LUODA ZHOGHA, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

1

3.      The controlled substance that CHONG WOO KIM, CUODENGZHU PENG, and LUODA ZHOGHA, the defendants, conspired to distribute and possess with intent to distribute was 100 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Section 846.)

The bases for my knowledge of the foregoing charge are, in part, as follows:

4.      I am a Special Agent with HSI and I have been personally involved in the investigation of this matter.  This affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals.  Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5.      Based on my participation in this investigation, my review of law enforcement records and reports, and my conversations with other law enforcement officers, I am aware of the following, in substance and in part:

a.      On or about October 13, 2020, at approximately 12:00 p.m., in the parking lot of a particular hotel located in the vicinity of Little Ferry, New Jersey, I and other law enforcement officials observed an individual, later identified as CHONG WOO KIM, the defendant, loading a U-Haul trailer (the "U-Haul") with boxes (the "Boxes") from a commercial trucking vehicle, also known as an eighteen-wheeler ("Truck-1"), which was towing a commercial trailer ("Trailer-1").  The Boxes were generic brown boxes that were labeled "Clothing" and covered by brown packing tape.  Based on my training, experience, and participation in this and other similar investigations, I had reason to believe that the Boxes may have contained contraband.  After receiving KIM's consent to do so, I searched Trailer-1, and, in certain of the Boxes, identified what I believed, based on the way in which the materials were packaged, as well as my training, experience, and participation in this and other similar investigations, to be marijuana.  Additionally, I and other law enforcement officers also found inside a box located in Truck-1 approximately $490,000

2

in cash, packaged in stacks of $100, $50, and $20 bills vacuum sealed and held together by rubber bands. KIM was then placed under arrest. Based on the way in which this cash was packaged, as well as my training, experience, and participation in this and other similar investigations, I believe the cash seized from Truck-1 represents proceeds of narcotics trafficking. Below is a photograph that law enforcement officers took of the money seized from Truck-1:



        b.     Subsequently, at law enforcement's direction, KIM drove the U-Haul with the Boxes to his intended destination in Queens, New York ("Location-1"), where he was supposed to deliver the marijuana to particular individuals, at least one of whom he previously had been in contact with about the delivery. On the way from New Jersey to Location-1, KIM drove through the Southern District of New York.

        c.     Based on my participation in this investigation, including my participation in surveillance and conversations with other law enforcement officers about the same, I have learned that, at approximately 2:45 p.m., KIM drove into a parking lot in the vicinity of Location-1 and was followed by a dark blue van ("Vehicle-1"). Both KIM, driving the U-Haul, and Vehicle-1, stopped. Two individuals, subsequently identified as CUODENGZHU PENG and LUODA ZHOGHA, the defendants, exited Vehicle-1.

        d.     Thereafter, I and other law enforcement officers observed PENG and ZHOGHA unloading certain of the Boxes from the U-Haul into a particular garage located in the vicinity of Location-1 ("Garage-1"). The doors to Garage-1 were open while PENG and ZHOGHA were unloading certain of the Boxes into the right-side door of Garage-1. At that point, I and other law enforcement officers approached Garage-1 and placed PENG and ZHOGHA under arrest.

e.      While arresting PENG and ZHOGHA, I and other officers observed in Garage-1, on the right side of the garage into which PENG and ZHOGHA had been unloading the Boxes, in plain view, among other things, (i) a vacuum sealing device, which, based on my training, experience, and involvement in this and other similar investigations, is used to package marijuana for distribution; and (ii) a notebook, containing, among other things, what based on my training, experience, and involvement in this and other similar investigations, I believe to be a ledger listing, in sum and substance, a name, amount of drugs to be delivered to the respective individual, and the individual's phone number.

f.      Law enforcement also recovered the Boxes and the vacuum-sealed packages of marijuana contained therein. The packages of marijuana, a photo of which is below, were determined to weigh approximately 1,200 pounds, the equivalent of approximately 544 kilograms:



g.      Based on my participation in this investigation and my conversations with other law enforcement officers, I have learned that ZHOGHA was advised of his *Miranda* rights after he was arrested. ZHOGHA waived those rights and agreed to speak to law enforcement officers. Additionally, ZHOGHA provided consent for law enforcement to search a particular cellphone that had been seized from ZHOGHA's person incident to his arrest ("Cellphone-1"). In reviewing certain of the contents of Cellphone-1, law enforcement officers observed, among other things, ledgers similar to that found in the notebook described above, *see infra* ¶ 5(e), an example of which is pictured below:

Here, for instance, the top row identifies from left to right, what I believe, based on my training, experience, and involvement in this investigation, to be an Asian language character; an amount, in pounds, of marijuana; and a phone number. ZHOUGHA stated to law enforcement, in substance and in part, that PENG previously had sent ZHOUGHA those ledgers, that ZHOUGHA and PENG previously had received shipments of marijuana and delivered those packages to various locations, and that they were planning to do the same with the marijuana contained in the Boxes they received on or about October 13, 2020.

WHEREFORE, I respectfully request that CHONG WOO KIM, CUODENGZHU PENG, and LUODA ZHOGHA, the defendants, be imprisoned, or bailed, as the case may be.

/s Mason Wilhite (By Court with authorization)
MASON WILHITE
Special Agent
Department of Homeland Security,
Homeland Security Investigations

Sworn to me through the transmission of this
Complaint by reliable electronic means, pursuant to
Federal Rule of Criminal Procedure 4.1, this
14th day of October, 2020

_____
THE HONORABLE SARAH L. CAVE
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK